IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL BROWN,

        Plaintiff,                 No. CIV S-05-0538 DFL JFM P

    vs.

R.L. CLARK, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On December 6, 2005, plaintiff filed a second request for appointment of counsel[1] and a document styled "Plaintiff Motion for Discovery Order."  Neither document was served on defendants.  Plaintiff is advised that every document submitted to the court for consideration must be served on defendants.  Fed. R. Civ. P. 5.  Plaintiff is required to serve all documents in this action conventionally in accordance with the relevant provisions of Fed. R. Civ. P. 5.  <u>See</u> Local Rule 5-135(b).  Since an attorney has filed a document with the court on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on the defendant.  Fed. R. Civ. P. 5(b)(1).  Conventional service is usually accomplished by

_____

[1]  Plaintiff's first request was denied by order filed November 29, 2005.

1

1  mailing a copy of the document to the attorney's address of record.  See Fed. R. Civ. P.

2  5(b)(2)(B).  Plaintiff must include with every document filed in this action  a certificate stating

3  the date an accurate copy of the document was mailed to defendants' attorney and the address to

4  which it was mailed.  See Local Rule 5-135(b) and (c).

5         The United States Supreme Court has ruled that district courts lack authority to

6  require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.

7  Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

8  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

9  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In

10  the present case, the court does not find the required exceptional circumstances.  Plaintiff's

11  second request for the appointment of counsel will therefore be denied.

12        Plaintiff's discovery motion is construed as a request for discovery from

13  defendants.  Plaintiff is informed that court permission is not necessary for discovery requests

14  and that neither discovery requests served on an opposing party nor that party's responses should

15  be filed until such time as a party becomes dissatisfied with a response and seeks relief from the

16  court pursuant to the Federal Rules of Civil Procedure.  Discovery requests between the parties

17  shall not be filed with the court unless, and until, they are at issue.  Good cause appearing,

18  plaintiff's December 6, 2005 discovery request will be placed in the court file and disregarded.

19        In accordance with the above, IT IS HEREBY ORDERED that:

20        1.  Plaintiff's December 6, 2005 motion for appointment of counsel is denied.

21        2.  Plaintiff's December 6, 2005 motion for discovery is construed as a discovery

22  request and, so construed, will be placed in the court file and disregarded.  Plaintiff is cautioned

23  that further filing of discovery requests or responses, except as required by rule of court, may

24  result in an order of sanctions, including, but not limited to, a recommendation that this action be

25  dismissed.

26  /////

1          3.  Plaintiff is cautioned that failure to properly serve any documents subsequently

2   filed in this action, and failure to include a proper certificate of service with such filing, may

3   result in a recommendation that this action be dismissed.

4   DATED:  December 20, 2005.

5

6                                        _____
                                         UNITED STATES MAGISTRATE JUDGE
7

8   12/mp
    brow0538.o
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26